UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DIANA HUBBARD                                                                              PLAINTIFF

v.                                                                              NO. 3:13-CV-01052-CRS

MEDTRONIC, INC. et al.                                                                DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on a motion to remand filed by the plaintiff, Diana Hubbard ("Plaintiff"), against the defendants, Medtronic, Inc., Medtronic USA, Inc., Medtronic Sofamor Danek USA, Inc.,[1] John Doe #1, John Doe #2, Steven Glassman, M.D. ("Dr. Glassman"), Community Medical Associates, Inc., Norton Leatherman Spine Center, Norton Neurosurgical Institute of Kentucky, Norton Hospitals, Inc., Norton Hospital Leatherman Spine Center, Norton Healthcare, Inc., and Norton Enterprises, Inc. (DN 17).

**I.**

In January 2009, Plaintiff underwent a lumbar spinal fusion surgery that was performed by Dr. Glassman at Norton Hospital. During the surgery, Dr. Glassman used a bio-engineered liquid bone graft product known as Infuse Bone Graft. Infuse was allegedly designed, developed, manufactured, promoted, and sold by the Medtronic Defendants. Plaintiff alleges that Infuse is approved by the Federal Drug Administration ("FDA") for use in a specific type of spinal fusion surgery, and that the Medtronic Defendants have illegally promoted "off-label"

---

[1] Defendants Medtronic, Inc., Medtronic USA, Inc., and Medtronic Sofamor Danek USA, Inc. will be collectively referred to as the "Medtronic Defendants."

use[2] of Infuse. Plaintiff claims that Dr. Glassman used Infuse in such an off-label manner during her surgery, and she allegedly suffered injuries as a result.

Plaintiff, a citizen of Indiana, filed this action in Jefferson County Circuit Court on October 25, 2013. (Compl., DN 1-1). In the complaint, Plaintiff asserts fifteen state law causes of action against the defendants, including, *inter alia*, fraud, fraudulent misrepresentation, fraudulent omission, conspiracy to commit fraud, concealment and nondisclosure, strict products liability, negligence, breach of warranty, and violation of the Kentucky Consumer Protection Act. In sum, Plaintiff alleges that the Medtronic Defendants actively promoted the use of Infuse in manners not approved by the FDA, concealed the side effects associated with off-label use, and provided misleading information regarding Infuse to consumers and the medical community. Plaintiff seeks punitive and compensatory damages for the damages she allegedly suffered as a result of the off-label use of Infuse during her spinal fusion surgery.

The Medtronic Defendants removed the case to this court on October 28, 2013, invoking our diversity of citizenship jurisdiction, as well as our federal-question jurisdiction to hear cases "arising under" federal law. (Notice of Removal, DN 1). Plaintiff has moved to remand. (Mot. to Remand, DN 17).

**II.**

Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a). Thus, "a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). One source of original jurisdiction is diversity of citizenship jurisdiction, which is present only in cases "where

---

[2] "Off-label" usage is defined as "use of a device for some other purpose than that for which it has been approved by the FDA." *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 350 (2001).

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

A second source of original jurisdiction is federal question jurisdiction, which is present only in cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such jurisdiction exists where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" so that "federal law is a necessary element of one of the well-pleaded . . . claims." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 27–28 (1983). However, "the plaintiff is the master of the claim," *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), and "the fact that the wrong asserted could be addressed under either state or federal law does not . . . diminish the plaintiff's right to choose a state law cause of action." *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994) (citations omitted).

"A defendant seeking to remove a case to federal court has the burden of proving that the district court possesses jurisdiction." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citation omitted). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

### III.

In their notice of removal, the Medtronic Defendants asserted two grounds on which they claimed that this court has jurisdiction. First, they argued that the court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds the jurisdictional threshold of $75,000. Second, they contended that the court has federal question jurisdiction because Plaintiff's complaint necessarily raises a substantial question of federal law. The Medtronic

Defendants have since abandoned their arguments regarding diversity jurisdiction. Therefore, the court will only address the Medtronic Defendants' arguments regarding federal question jurisdiction.

The Medtronic Defendants argue that the court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). An action "arises under" federal law if (1) "federal law creates the cause of action," or (2) "the vindication of a right under state law necessarily turned on some construction of federal law." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808–09 (1986) (quoting *Franchise Tax Bd.*, 463 U.S. at 9). In the instant action, federal law does not create a private right of action. *See id.* at 806–07 ("[T]he FDCA does not create or imply a private right of action for individuals injured as a result of violations of the Act[.]") (quotation and internal marks omitted). Thus, removal is only proper if Plaintiff's state law claims "necessarily turn[ ] on some construction of federal law." *Id.* at 808–09.

The Medtronic Defendants argue that Plaintiff's claims "arise under" federal law because Plaintiff must prove a violation of federal law to avoid preemption of her claims under the Medical Device Amendments ("MDA") to the Federal Food, Drug and Cosmetic Act ("FDCA").[3] Section 360k(a) of the MDA preempts any state requirement "which is different from, or in addition to, any requirement" imposed by the MDA. 21 U.S.C. § 360k(a)(1). However, a state is not prevented "from providing a damages remedy for claims premised on a violation of FDA regulations; the state duties in such a case 'parallel,' rather than add to, federal

---

[3] The parties agree that Infuse is a Class III device that is regulated by the MDA. Class III devices are subject to the "rigorous" premarket approval process, which requires the manufacturer to submit a multivolume application that is reviewed by the FDA. *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 317–18 (2008) (citations omitted). The FDA evaluates, among other things, the "safety and effectiveness" of the device's proposed label and, after approving the device, thereafter "forbids the manufacturer to make, without FDA permission, changes in . . . labeling . . . that would affect safety or effectiveness." *Id.* at 318–19 (citing 21 U.S.C. §§ 360c(a)(2)(B), 360e(d)(6)(A)(i)).

requirements." *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 330 (2008) (citing *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 495 (1996)).

Plaintiff does not seek relief under the MDA. However, Plaintiff's complaint references the MDA because the MDA establishes the FDA's process for approving medical devices, such as Infuse, and it is relevant to Plaintiff's allegations that the Medtronic Defendants promoted Infuse for off-label uses.

The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 229 U.S. 109, 112–13 (1936)). Thus, it is well-settled "that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (citing *Franchise Tax Bd.*, 463 U.S. at 12). The Sixth Circuit recognizes three exceptions to the well-pleaded complaint rule: (1) the artful pleading doctrine; (2) the complete preemption doctrine; and (3) the substantial federal question doctrine. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the Medtronic Defendants raise preemption as a defense to Plaintiff's state law claims, they acknowledge that the MDA does not completely preempt the field. Accordingly, only the third exception is relevant in the instant action if Plaintiff's state law claims raise substantial federal questions relating to labeling requirements under the MDA.

Under the substantial federal question doctrine, state law claims can be said to arise under federal law and thus permit the removal of the action to federal court "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Id.* (quoting

*Franchise Tax Bd.*, 463 U.S. at 9) (alteration in original). The Supreme Court recognizes that only a narrow category of cases fall within the substantial federal question doctrine, and the Court has provided the lower courts with a framework for determining when state law claims necessarily turn on federal law so as to permit federal jurisdiction.

The Court outlined the contours of the inquiry in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). In *Grable*, the Internal Revenue Service ("IRS") seized property belonging to the plaintiff company to satisfy its federal tax delinquency, and the government provided notice to the company by certified mail prior to selling the property to the defendant. *Id.* at 310–11. Although the plaintiff company had, in fact, received notice of the sale, it brought a quiet title action against the defendant in state court five years after the sale, arguing that the IRS had failed to notify it in the manner required by Section 6335(a) of the Internal Revenue Code. *Id.* at 311. The defendant removed the case to the federal district court in Michigan, arguing that the plaintiff's quiet title action implicated the district court's "arising under" jurisdiction because it "depended on the interpretation of the notice statute in the federal tax law." *Id.*

On appeal, the Supreme Court stated the question presented to it as whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. The Court ultimately concluded that it had jurisdiction over the plaintiff's state law causes of action because the issue of whether the plaintiff was given notice within the meaning of the statute was "an essential element of its quiet title claim . . . ." *Id.* at 315. Moreover, "[t]he Government's 'direct interest in the availability of a federal forum to vindicate its own administrative action' made the question 'an important issue of federal law

that sensibly belong[ed] in a federal court.'" *Gunn v. Minton*, 133 S. Ct. 1059, 1066 (2013) (quoting *Grable*, 545 U.S. at 315) (alterations in original).

The Court recently revisited this framework in *Gunn v. Minton*, 133 S. Ct. 1059 (2013). In *Gunn*, the plaintiff had previously filed a patent infringement case, which resulted in a judgment that his patent was invalid. *Id.* at 1062. He then sued his lawyer for legal malpractice in state court, arguing that the lawyer had failed to raise an "experimental use" defense in the patent infringement case. *Id.* at 1063. The state trial court granted the lawyer's motion for summary judgment. *Id.* The plaintiff then appealed, arguing that the state court lacked subject matter jurisdiction over his malpractice claim because the claim involved a substantial federal issue and thus arose under 28 U.S.C. § 1338(a).[4] *Id.*

In evaluating the plaintiff's claim, the Court restated the *Grable* inquiry as follows: "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 1065. On balancing these factors, the Court found that the plaintiff's state law malpractice claim did raise a federal issue relating to the experimental use defense, but the federal issue was not sufficiently substantial so as to compel federal jurisdiction. *Id.* at 1065–68.

This court is not without guidance in applying the framework developed in *Grable*, and further refined by *Gunn*, to a motion to remand involving claims against Medtronic for alleged off-label promotion of Infuse. Several federal district courts have applied this framework to claims that are similar, if not identical, to the ones brought by Plaintiff in the instant action against Medtronic. *See, e.g.*, *H.R. ex rel. Reuter v. Medtronic, Inc.*, — F. Supp. 2d —, 2014 WL 554454 (S.D. Ohio Feb. 13, 2014); *Dillon v. Medtronic, Inc.*, — F. Supp. 2d —, 2014 WL 37759

---

[4] Section 1338(a) gives federal courts exclusive jurisdiction in certain patent matters.

(E.D. Ky. Jan. 6, 2014); *Anders v. Medtronic, Inc.*, 2014 WL 1652352 (E.D. Mo. Apr. 24, 2014); *Goade v. Medtronic, Inc.*, 2013 WL 6237853 (W.D. Mo. Dec. 3, 2013); *Jenkins v. Medtronic, Inc.*, 984 F. Supp. 2d 873 (W.D. Tenn. 2013).

In proceeding with the *Grable* inquiry, the court first considers whether Plaintiff's state law claims necessarily raise a federal issue. The Medtronic Defendants contend that Plaintiff must plead a violation of the MDA to ultimately succeed in this action, as Plaintiff must show that her claims are not preempted. They argue that this, in turn, will require the court to interpret the MDA. Indeed, to avoid the effect of the MDA's express preemption provision, Plaintiff must allege a violation of state law that parallels a violation of federal law. *Riegel*, 552 U.S. at 330 (citation omitted). Thus, proving a violation of federal law is "necessary" to Plaintiff's case. The court also finds that the federal issue is disputed, as the central issue to be resolved is whether Medtronic promoted off-label uses of Infuse, and whether this promotion was a source of Plaintiff's injuries.

However, the analysis falters with respect to the third element, the substantiality of the federal issue. *Gunn* restricted the application of this element so that it is no longer enough that the federal courts have a greater expertise with federal law. *Gunn*, 133 S. Ct. at 1068 ("But the possibility that a state court will incorrectly resolve a state claim is not, by itself, enough to trigger the federal courts' exclusive patent jurisdiction, even if the potential error finds its root in a misunderstanding of patent law."). *Gunn* clarified the substantiality inquiry to require that the disputed federal issue be "significant to the federal system as a whole." *Id.*

The Court in *Gunn* found that such a requirement was met in *Grable*, because the Court had been "primarily focused not on the interests of the litigants themselves, but rather on the broader significance of the notice question for the Federal Government . . . , emphasiz[ing] the

Government's 'strong interest' in being able to recover delinquent taxes through seizure and sale of property, which in turn 'require[d] clear terms of notice'" to buyers. *Id.* at 1066 (quoting *Grable*, 545 U.S. at 310–15). In contrast, the federal issue in *Gunn* did not satisfy the substantiality requirement because "the resolution of a patent issue in the context of a state legal malpractice action can be vitally important to the particular parties," but there needed to be "something more" than a showing of a federal element as part of the cause of action. *Id.* at 1068.

This court similarly concludes that the federal issues in dispute in the instant action fail to meet the "substantiality" requirement in that they are important to the individual litigants, but they are not significant to the federal system as a whole. The United States District Court for the Western District of Missouri came to the same conclusion, applying *Gunn* and remanding the plaintiff's state law claims. *Goade v. Medtronic, Inc.*, 2013 WL 6237853 (W.D. Mo. Dec. 3, 2013). In *Goade*, the Western District of Missouri held:

> There is a need to demonstrate the issue 'is significant to the federal system as a whole," *Gunn*, 133 S.Ct. at 1068—that is, an importance that transcends the parties. As noted, this degree of importance has been found only when the Government's operations are affected by the federal issue. Only in such cases could it be confidently stated that if Congress had thought about the issue it would have sensibly concluded the dispute should be resolved by a federal court. In contrast, Congress has not created a federal right of action, preempted the entirety of state regulation, or divested state courts of jurisdiction in such matters. This failure is telling and cements the Court's conclusion that the federal issues raised in the Petition are not substantial within the meaning of Gunn.

*Id.* at *6. Thus, it is not enough that the plaintiff's state law claims arise under the backdrop of a federal issue. *See, e.g.*, *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986) (finding no substantial federal interest arose from the plaintiffs' reliance on the FDCA to support their state law tort claims relating to adequacy of a drug's labeling). Instead, the importance of the federal issue must "transcend[ ] the parties." *Goade*, 2013 WL 6237853, at *6.

Finally, even if Plaintiff's complaint presented substantial federal issues, the resolution of this dispute in federal court will "disrupt[ ] the federal-state balance approved by Congress." *Gunn*, 133 S. Ct. at 1065. In analyzing this factor, other courts have found it "telling" that Congress chose to neither permit federal jurisdiction, nor completely preclude state jurisdiction, over claims alleging violations of the MDA. Further, the Supreme Court in *Merrell Dow* indicated its unwillingness to open up federal courts to all state law tort claims involving medical devices. *Merrell Dow*, 478 U.S. at 814–17. Thus, we conclude that the fourth factor weighs against the exercise of jurisdiction in this action.

The court recognizes that two district courts in the Sixth Circuit have denied motions to remand brought by different plaintiffs but involving the same issues and claims against Medtronic. *See H.R. ex rel. Reuter v. Medtronic, Inc.*, — F. Supp. 2d —, 2014 WL 554454 (S.D. Ohio Feb. 13, 2014); *Jenkins v. Medtronic, Inc.*, 984 F. Supp. 2d 873 (W.D. Tenn. 2013). Although the district courts in both instances applied the framework established in *Grable*, they failed to address the Court's concerns in *Gunn*. It is true that the Court in *Gunn* did not appear to alter the inquiry under *Grable*, but it did emphasize that only a limited subset of cases should fit within the scope of the substantial federal question doctrine. In keeping with these concerns, this court similarly concludes that the instant action does not raise a substantial issue of federal law that is important to the federal system as a whole. *See Gunn*, 133 S. Ct. at 1066–67.

Thus, there is no basis for the court's jurisdiction, and the action will be remanded to the Jefferson County Circuit Court by separate order and judgment.

August 22, 2014

Charles R. Simpson III, Senior Judge
United States District Court

-10-